UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Plaintiff | ) | CASE NO.1:07CR481-001 |
| | ) | |
| -vs- | ) | |
| | ) | |
| ROSIE LEE GILCREASE, | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| Defendant(s). | ) | |

**<u>CHRISTOPHER A. BOYKO, J.</u>**

The Defendant, Rosie Lee Gilcrease, was sentenced before the Court to 3 years Probation on February 12, 2008 after pleading guilty to Count 1 of an Indictment charging a violation of Title 42 U.S.C. § 408(a)(4) - Social Security Fraud. The Defendant was ordered to make restitution to the Social Security Administration in the amount of $84,233.00.

On June 23, 2009, the Court granted Defendant's Motion to Amend Restitution Order, (ECF Doc. No. 15), staying Defendant's court ordered restitution payments until the Court could determine a restitution payment that would not create a financial hardship for the Defendant.[1]

---

[1] Defendant's Motion to Amend Restitution Order (ECF Doc. No. 13). The Defendant was notified by the Social Security Administration via letter dated June 1, 2009 that the Defendants' entire Social Security check would be withheld and applied toward Restitution starting in July, 2009 creating a financial hardship for the Defendant.

18 U.S.C. § 3664(a) provides in part

> . . .the Court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order.

According to the Supervision Report submitted to the Court on July 14, 2009, the Defendant has a monthly income of $1,046.70 and a monthly outflow of $991.73.  Of that outflow, the Defendant pays $88.17 monthly to Occidental Life Insurance Company and $286.56 monthly to Monumental Life Insurance Company on a whole life, multiple person insurance policy.  This policy covers eighteen family members -  including the Defendant, her children, her grandchildren and other relatives.  The Probation Officer recommends a restitution payment of $115.00 per month.

Further, 18 U.S.C. 3664(f)(1)(A) states:

> In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and *without consideration of the economic circumstances of the defendant.*

The Court finds the Defendant spends an unreasonable portion of her income on insurance policies for herself and family.  In light of the substantial amount of restitution owed to the Social Security Administration, the insurance premiums are excessive and interferes with the Defendant's ability to pay restitution.

The Court orders the Defendant to terminate the premiums paid for other family members but she may retain a modest policy on herself consistent with her monthly restitution payment.

Therefore, considering the Probation Officer's assessment of Defendant's ability to pay, and the Defendant's lessened monthly insurance premiums, the Court orders Restitution in the amount of $84,233.00 payable to the Social Security Administration by the Defendant, Rosie Gilcrease, in monthly installments of $200.00 beginning September 1, 2009.[2]

---

[2] The Defendant shall receive credit for any payments previously made toward any criminal monetary penalties imposed.

IT IS SO ORDERED.

                                              s/Christopher A. Boyko
                                              Christopher A. Boyko
                                              U.S. District Court Judge

August 5, 2009